IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOE FLOYD FULLER, SR,

                         Petitioner,

          v.                              CASE NO. 08-3231-SAC

FRANK DENNING, et al.,

                         Respondents.



O R D E R

     This matter is before the court on a petition for writ of
habeas corpus filed under 28 U.S.C. § 2241 by a pretrial detainee
confined in the Johnson County Adult Detention Center in Olathe,
Kansas.[1]  Petitioner proceeds pro se and seeks leave to proceed in
forma pauperis under 28 U.S.C. § 1915.   The court grants this
request.

     The United States district courts are authorized to grant a
writ of habeas corpus to a prisoner "in custody in violation of the
Constitution or laws or treaties of the  United States." 28 U.S.C.
§ 2241(c)(3).   That statute further directs the federal court to
review a petitioner's claims and to direct respondents "to show
cause why the writ should not be granted unless it appears from the
application that the applicant or person detained is not entitled
thereto."  Id.  Having reviewed petitioner's allegations, the court
finds this action should be summarily dismissed without prejudice.

_____

     [1]Petitioner subsequently notified the court that he has been
temporarily transferred to the Larned State Hospital in Larned,
Kansas, for a competency evaluation.

In this action, petitioner states he was arrested in December 2007, and seeks relief on a claim that three state court judges have violated his rights under federal law by denying him bail on non-capital offenses in three separate cases.  Petitioner cites 18 U.S.C. § 2385 and Rule 46(a)(1) of the Federal Rules of Criminal Procedure in support of his petition, but these federal authorities clearly do not apply to petitioner's confinement pursuant to pending state charges. *See* K.S.A. 22-2802(Kansas statute governing pretrial release).

To the extent petitioner seeks relief from alleged constitutional error in his confinement on pending state criminal charges, his recognized federal remedy is through habeas corpus after full exhaustion of state court remedies. *See* <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973); <u>Duncan v. Gunter</u>, 15 F.3d 989, 991 (10th Cir. 1994).  In <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit.  The <u>Younger</u> abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." <u>Phelps v. Hamilton</u>, 122 F.3d 885, 889 (10th Cir. 1997). *See also* <u>Capps v. Sullivan</u>, 13 F.3d 350, 354 (10th Cir. 1993)(federal courts should abstain from exercising jurisdiction under § 2241 on pre-trial habeas petition where issues can be resolved by available state remedies).

Here, petitioner's state court proceeding(s), and available appeals if necessary, clearly appear capable of addressing petitioner's federal claims, and the court finds nothing on the face

of the petition to suggest that petitioner has exhausted such state court remedies.   Nor does petitioner present any special circumstances that might warrant this court's intervention in petitioner's state court action(s).   The court thus finds <u>Younger</u> abstention is appropriate in this matter, and finds no exception to <u>Younger</u> abstention is evident on the face of petitioner's pleadings.[2]   Nor does the court find anything to suggest the State of Kansas would either consent to federal jurisdiction of this matter or stay its prosecution pending a federal court's resolution of petitioner's claims.   *See* <u>Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson</u>, 874 F.2d 709, 711 (10th Cir. 1989)(if <u>Younger</u> abstention conditions are met, abstention is mandatory absent extraordinary circumstances).

For these reasons, the court concludes the petition seeking relief under 28 U.S.C. § 2241 should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of October 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]*See* <u>Younger</u>, 401 U.S. at 53-54 (limited exceptions to abstention include bad faith or harassment involving irreparable injury and unusual circumstances).